PER CURIAM.
| (Writ granted. The ruling of the court of appeal is reversed. The trial court’s ruling granting GreyStar’s motion for sum *352 mary judgment is reinstated and the matter is remanded for further proceedings.
Plaintiff, William Suire, was employed by GreyStar Corp. (“GreyStar”), aboard the East Black Bay tank battery, a fixed platform owned by The William G. Helis Company, L.L.C. (“Helis”). Plaintiff claims in his original petition that he was injured at that location and sued Helis for negligence. Plaintiff did not sue his employer.
Helis filed a third party demand against GreyStar for indemnification, based on the master service agreement between the two companies. Third-party defendant GreyS-tar filed a motion for summary judgment, urging the dismissal of plaintiffs claim against Helis on the grounds (1) that Helis is plaintiffs statutory employer pursuant to the contract between Helis and the employer and (2) that plaintiffs sole remedy is workers compensation.
By amended petition, plaintiff asserted that his original injury on the fixed platform was aggravated “as a result of the nature and circumstances of his employment in connection with his work and time spent aboard vessels until the plaintiff was no longer able to work due to his injury.” Thus, he seeks to assert his |2status as a maritime employee so as to claim entitlement to benefits under the Longshore Harbor Workers Compensation Act (“LHWCA”).
Turning first to the original injury asserted, we find that summary judgment was appropriately granted by the trial court. In Herb’s Welding, Inc. v. Gray, 470. U.S. 414, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985), the United States Supreme Court established that a worker injured on a fixed platform within Louisiana state territorial waters is not engaged in maritime employment; thus, the worker is not a seaman and. is not entitled to benefits under the LHWCA. Plaintiffs sole remedy is workers compensation. Due to the contracts between Helis and GreyStar, Helis is the plaintiffs statutory employer. Thus, plaintiff is not entitled to seek damages in negligence against Helis, the owner of the platform.
Although in the amended petition the plaintiff asserted a cause of action for aggravation of the injury while riding on navigable waters to and from the production facility, the plaintiff failed to do so against a named defendant. Thus, the amended petition does not allege' that Hel-is, or anyone else for that matter, is the responsible party for the alleged aggravation of plaintiffs alleged injuries.
Considering the court’s action, all other issues raised are pretermitted.
CALOGERO, C.J., dissents and assigns reasons.
JOHNSON, J., would deny, the writ application.