PICKETT, J.,
dissenting.
1 ]The undisputed facts before us show that Frank Richard was an employee of Island Operating Company, Inc., who had a contract to provide personnel to operate a fixed production platform in state territorial waters owned by Apache Corporation. Thus, Richard’s recovery from Island Operating and Apache is limited to workers’ compensation benefits for injuries sustained on the platform. See Herb’s Welding v. Gray, 470 U.S. 414, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985) and Suire v. William G. Helis Company, LLC, 05-1042 (La.App.l1/29/2005), 915 So.2d 351. Richard’s widow filed suit in district court against Island Operating and Apache, alleging that because his injuries were sustained in the waters of the Gulf of Mexico, he is entitled to recover from his employer in maritime law. The majority finds that the trial court erred as a matter of law in dismissing Richard’s claims against Island *1166 Operating and Apache. I respectfully dissent.
The first prong of the test enunciated by the United States Supreme Court in Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995), relates to the location of the tort. The undisputed facts here demonstrate that the tort alleged against Island Operating and Apache occurred on the fixed platform, which is not considered maritime activity. As the first part of this test is not |2satisfíed, I find it unnecessary to reach the second prong of the Grubart inquiry. I would affirm the judgment of the trial court and dismiss the claims against Island Operating and Apache, as they are properly dealt with in workers’ compensation.